WILFRID S. DOWLING, petitioner,

*v.*

THEODORA DOWLING, defendant.

[Decided March 26th, 1920.]

1. If a wife contracted venereal disease from her husband, she was justified in leaving him.

2. A husband who consented to his wife's separation without making any effort to terminate it, though she left him without justifiable cause, he being willing she should go, cannot subsequently complain of it.

3. Evidence *held* insufficient to sustain the petitioning husband's charges of adultery or desertion against the defendant.

4. A decree dismissing a wife's petition for constructive desertion on the ground that her husband communicated to her a venereal disease and so forced her to leave him—*Held, res adjudicata,* as a bar to considering the same facts as a ground for granting a divorce to the wife for her husband's adultery, set up by her as a counter-claim in his subsequent action for divorce.

On petition for divorce.

*Mr. Charles Frankel,* for the petitioner.

*Messrs. Heine, Bostwick & Bradner,* for the defendant.

FIELDER, V. C.

The petitioner alleges that in July, 1916, the defendant became affected with a venereal disease as a result of adulterous relations with some person unknown, and he therefore charges the defendant with having committed adultery during June and July, 1916, with a person unknown to the petitioner. He also charges the defendant with having deserted him in September, 1916, and he prays for a divorce on both or either of the two grounds. The defendant denies both charges.

Proof of the charge of adultery depends entirely on the fact that early in July, 1916, the defendant was suffering from a

venereal disease of so virulent a nature that pelvic peritonitis developed, and she was confined to bed two months. The petitioner claims that he did not have the disease and did not communicate it to his wife, and he contends that because she had it, she must have contracted it from another man. No evidence was offered to show that the defendant had received attentions from any man, or that she was ever in the company of any man other than her husband, at any place or under any circumstances; therefore, the presence of this disease in the defendant makes it the duty of the petitioner to satisfy the court that she did not contract it from him. He testified that he occupied a bedroom separate from his wife from the middle of March, 1916, and that he had no connection with her after that date, and that at no time was he suffering from gonorrhœa, but she says that in June, 1916, he told her he had a venereal disease, and their sexual relations had continued up to that time, and testimony was presented, which I believe, to show that the husband and wife occupied the same sleeping room up to and including May, 1916. The petitioner admits that he visited a physician several times in April and May, 1916, and was treated for a discharge from the penis. This physician testified that the petitioner was then suffering from urethritis, a disease not easily distinguished from gonorrhœa, and which may be contracted as a result of coition with a female suffering from gonorrhœa, but that no gonorrhœa germs were found by him, and that his patient was discharged as cured of his urethritis in May. The petitioner went to the same physician in October, 1916, and a blood test was made which disclosed no syphilitic condition. It was early in July, 1916, that the petitioner says he learned of his wife's condition. It should be noted that he did not submit himself to a medical examination between May and October. If he did not have gonorrhœa in April or May, when he was under medical treatment, he might have contracted it thereafter; but if he did not, the natural thing, when he discovered his wife's condition, was to have his physician examine him immediately to establish the fact and be prepared with the proof that at that time he was free from it, and that he did not do so is a suspicious circumstance against him.

Testimony was given by an apparently disinterested witness that the petitioner told him, in August, 1916, that he was suffering from a venereal disease, and that he showed the witness medicine he was taking for it. This the petitioner denies.

The petitioner continued to live in the same house with defendant and occasionally visited her sick room. It was she who left him as soon as she was able to move, and even before leaving him she had filed a petition for divorce against him. On September 28th, 1916, when she left his home, he told her not to go; that the house was hers and she could stay in it. In May, 1917, he had been convicted of larceny, and from jail he wrote her a letter appealing to her to come and help him. It does not seem to me credible that if he knew she had been guilty of adultery, he would have continued to occupy the same house with her and would have been willing to accept assistance from her while he was in jail.

As to his charge that she deserted him September 28th, 1916, which was the day she left his home. Of course, if she contracted a venereal disease from him, she was justified in leaving him; but for the reason hereafter stated, I cannot consider this a justification for the separation. Without discussing the testimony, I shall say that if she left him without justifiable cause, he was willing that she should go, and he consented to the separation without making any effort to terminate it.

I am satisfied that the petitioner has not sustained his charges of adultery or desertion against the defendant, and that his petition must be dismissed.

By way of counter-claim, the defendant charges the petitioner with having been affected with a venereal disease in June, 1916, as a result of adulterous relations with some person unknown, which disease he communicated to her the following month, and she therefore charges him with having committed adultery during May and July, 1916, with a person unknown to her. She also charges that because of the venereal disease so communicated to her, she feared for her personal safety and her health became impaired and she was no longer able to discharge her duties as a wife, through fear, anguish and discomfort, and that on September 28th, 1916, she left the petitioner's home and has ever

since lived apart from him, and that he has never sought her return to him. She, therefore, charges the petitioner is guilty of constructive desertion.

The petitioner answered the counter-claim by setting up that in September, 1916, the defendant filed her petition for divorce against him for the same matters, to the same effect and for like relief as she now sets up in her counter-claim; that after a hearing in such suit, her petition was dismissed and a decree entered thereon, and the petitioner herein pleads the former action and the decree therein, in bar to this counter-claim.

The files of this court in the divorce action instituted by this defendant against this petitioner were offered in evidence. They show that Mrs. Dowling filed her petition September 23d, 1916, for divorce on the ground of adultery only, setting up the identical cause of action which she now sets up in her counter-claim; that Dowling did not defend and that the case was heard *ex parte* before a special master. The testimony taken in support of Mrs. Dowling's petition is annexed to the master's report, and, in substance, is the same as the testimony offered in this case in support of her counter-claim. The special master reported that she had not substantiated the truth of the allegations of her petition with respect to her cause for divorce, and recommended that her petition be dismissed, and on November 12th, 1917, a decree of this court was entered confirming the master's report "and that the petitioner's petition be and the same is hereby dismissed." I shall, therefore, hold that the decree in that suit will operate *res judicata* as a bar to considering the same facts as a ground for granting a divorce in this suit to Mrs. Dowling for her husband's alleged adultery. *Spence* v. *Spence, 74 N. J. Eq. 786, 788.* Her charge of constructive desertion is based wholly on the allegation that because he communicated a venereal disease to her, she was forced to leave him, and, because I have concluded that I cannot consider the facts she presents as a ground for divorce for adultery, I must also refuse to consider them as a ground for divorce for constructive desertion.

The defendant's counter-claim will also be dismissed, without prejudice, however, to any future action she may desire to institute against her husband for divorce on the ground of desertion.